**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| NOOR AHMED, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CA-132-XR |
| | § | |
| ERIC HOLDER, United States Attorney | § | |
| General, JANET NAPOLITANO, Secretary | § | |
| of the Department of Homeland Security, | § | |
| MARK J. MOORE, Field Office Director, | § | |
| Office of Detention and Removal, JOHN P. | § | |
| TORRES, Director, Office of Detention and | § | |
| Removal, and Warden, South Texas | § | |
| Detention Facility | § | |
| | § | |
| *Respondents*. | § | |

**ORDER**

On this date, the Court considered the Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 15), and Petitioner's objections thereto (Docket Entry No. 18), concerning Petitioner's application for a writ of habeas corpus challenging his detention by the United States Department of Homeland Security and Immigration and Customs Enforcement ("ICE").  After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation and DENIES the petition.

**Background**

Petitioner Noor Ahmed seeks to challenge his continued detention pending deportation, claiming that his substantive and procedural due process rights have been violated.

Petitioner entered the United States in January 1996 with authorization to remain for no

1

longer than six months.[1]  On June 25, 2001, Petitioner was arrested for purchasing alcohol for a

minor.[2]  On that day, Petitioner was served with a Notice to Appear charging him with remaining

in the United States for longer than six months in violation of § 237(a)(1)(B) of the Immigration and

Nationality Act.[3]  On June 29, 2001, Petitioner posted bond, which he subsequently breached.[4]

Petitioner was then convicted of tampering with a government record on June 28, 2002 and

sentenced to 45 days in jail.  An Immigration Judge determined that Petitioner was removable

pursuant to § 237(a)(1)(B) on August 15, 2002.[5]  Petitioner posted a second bond on October 1,

2002, which he also subsequently breached.[6]  Petitioner did not appear for his merits hearing on June

25, 2003, so the Immigration Judge proceeded *in absentia* and ordered Petitioner removed from the

United States to Pakistan.[7]

　　　Petitioner applied for an I-130 Adjustment of Status on May 12, 2003, which was denied.[8]

After the Immigration Judge's removal order *in absentia*, Petitioner  filed motions to reopen, both

with the Executive Office of Immigration and the Board of Immigration Appeals ("BIA"), both of

---

[1] Resp't's Mot. to Dismiss Pet'r's Writ of Habeas Corpus at 2, May 30, 2010 (Docket Entry No. 10).

[2] Resp't's Mot. Ex. 4 at 2.

[3] 8 U.S.C. 1227(a)(1)(B).

[4] Resp't's Mot. Ex. 4 at 2.

[5] Resp't's Mot. at 2.

[6] Resp't's Mot. Ex. 4 at 2.

[7] Resp't's Mot. at 2.

[8] Resp't's Mot. Ex. 4 at 2.

which were denied.[9]

On March 27, 2009, Petitioner was arrested by the Waco Fugitive Operations Team and subsequently placed in the South Texas Detention Complex.[10]  Petitioner has remained there since March 30, 2009.[11]  On June 8, 2009, ICE conducted a Post Order Custody Review and decided to continue his detention based on his risk of flight and his pending removal to Pakistan.[12]

ICE has received communications from the Pakistan Consular Office stating that Petitioner's travel document request package had been sent and that verification was forthcoming.[13]  ICE received such notifications from the Consular Office on June 16, July 13, and September 23, 2009.[14] Between October 23, 2009 and February 11, 2010, efforts to obtain travel documents were postponed pending Petitioner's second motion to reopen before the BIA.  On March 5, 2010, the Pakistan Consular Office in Los Angeles notified the ICE that they were in contact with the Consular Office in Houston to confirm where Petitioner's passport was issued. Respondents assert that the Houston Office will issue travel documents as soon as confirmation is reached.[15]  On March 11, Petitioner's attorney received a letter from the Houston Office indicating that Petitioner's request could not "as

---

[9] *Id.*

[10] Resp't's Mot. at 3.

[11] *Id.*

[12] Resp't's Mot. Ex. 5.

[13] Resp't's Mot. at 3.

[14] *Id.*

[15] *Id.*

yet" be verified, and thus that travel documents could not be issued.[16]

## Procedural Background

Petitioner initially filed for a writ of habeas corpus in this Court on February 19, 2010.[17] Respondents then moved to dismiss Petitioner's writ for lack of subject matter jurisdiction and failure to state a claim on March 20, 2010.  On April 12, 2010, Magistrate Judge John Primomo ordered that the motion to dismiss be treated as a motion for summary judgment.[18]  Petitioner responded in opposition to the motion on April 28, 2010.  Magistrate Judge Primomo issued a Memorandum and Recommendation in favor of Respondents on May 6, 2010.  Petitioner objected to the Magistrate Judge's Memorandum and Recommendation on May 21, 2010.

## Magistrate Judge's Memorandum and Recommendation

The Magistrate Judge recommends that the motion to dismiss be granted.[19]  He determined that Petitioner was unable to demonstrate that a substantive due process violation had occurred because Petitioner failed to establish that no significant likelihood of removal existed in the reasonably foreseeable future, per the standard set out by the Supreme Court in *Zadvydas v. Davis*.[20] The Supreme Court held in *Zadvydas* that a due process violation occurred only if the detention extended beyond a "period reasonably necessary," and that such a period became unreasonable when

---

[16] Pet'r's Opp'n to Resp't's Mot. to Dismiss Ex. 1, Apr. 28, 2010 (Docket Entry No. 13).

[17] Pet. for Writ of Habeas Corpus, Feb. 19, 2010 (Docket Entry No. 1).

[18] Order that Pet'r File a Resp. to Mot. to Dismiss (treated as a Mot. For Summ. J.), Apr. 30, 2010 (Docket Entry No. 12) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

[19] Mem. and Recommendation, May 6, 2010 (Docket Entry No. 14).

[20] *Id.* at 8.

there was no significant likelihood of removal in the reasonably foreseeable future.[21]  Thus, because the Magistrate Judge found that the travel documents were forthcoming, he determined that the likelihood of removal in the reasonably foreseeable future was significant and therefore that Petitioner's detention was reasonably necessary such that no substantive due process violation had occurred.

The Magistrate Judge also found that no procedural due process violations had occurred.  He examined the procedural safeguards available to Petitioner as a detainee, namely the 90-day and 180-day reviews of the likelihood of removal in the reasonably foreseeable future, and found them to be sufficient.[22]  Thus, the Magistrate Judge recommends that the Petitioner's claim be dismissed.

### Petitioner's Objections

Petitioner first objects to the Magistrate Judge's Recommendation on the ground that the Magistrate Judge ignored his contention that the Respondents were applying an unconstitutional legal advantage over him.[23]  Petitioner also objects on the ground that Respondents intentionally omitted the March 11 letter from the Consular Office in Houston saying that travel documents could not be issued for Petitioner at this time.[24]  Petitioner also seems to object to the Magistrate Judge's standard of review, implying that the wrong legal standard was applied to the 12(b) motion to dismiss.[25]  Petitioner finally brings up the exhaustion doctrine, contending that he had exhausted all

---

[21] *Id.* at 5 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

[22] *Id.* at 9–10 (citing 8 C.F.R. § 241).

[23] Pet'r's Opp'n at 1.

[24] *Id.*

[25] *Id.* at 2.

administrative remedies prior to filing for this writ, and that even if he has not, exhaustion of administrative remedies is not required.[26]

## Standard of Review

In reviewing the Magistrate Judge's report and recommendation, the Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[27]  Such a review means that the Court will examine the entire record with regard to that portion and will make an independent assessment of the law.  As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[28]

## Analysis

*(1) Unconstitutional Legal Advantage*

Petitioner objects to the Magistrate Judge's Recommendation, saying that the Magistrate Judge ignored the intention of Respondents in applying an unconstitutional legal advantage over Petitioner.  The Court, after careful review of the case law, is unable to find anything suggesting that there exists a constitutional right to parity with the opposing party in legal skill or knowledge.  Thus, the Court finds no basis for rejecting the Magistrate Judge's recommendation on this ground.

(2) *Respondents' Omission of the March 11 Letter*

Petitioner does not point to any aspect of the Magistrate Judge's Report and Recommendation

---

[26] *Id.* at 2-3.

[27] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

[28] *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

in objecting on this ground. As such, this assertion does not on its face constitute a valid objection to the Recommendation. However, the failure to include the March 11 letter is relevant to whether Respondents failed to meet their initial burden on the motion. As such, the omission of the letter is better discussed in the subsequent section analyzing the motion for summary judgment.

*(3) Improper Application of Legal Standard*

Petitioner asserts in his objections that a Rule 12(b)(6) motion to dismiss may be granted only if no set of facts can be proven that would support the claim to relief.[29] However, this language is no longer the standard for sufficiency of pleadings under Rule 12(b)(6), as the Supreme Court disapproved of it in *Bell Atlantic Corp. v. Twombly*.[30] Moreover, Petitioner overlooks the Magistrate Judge's April 30 Order stating that the Respondents' motion to dismiss will be treated as a motion for summary judgment. A motion to dismiss may be treated as a motion for summary judgment when information outside of the pleadings is considered.[31] The Fifth Circuit considers documents attached to the motion to dismiss as information outside of the pleadings. In this case, the Magistrate Judge considered the seven exhibits attached to the Respondents' motion to dismiss, and treating the motion as a motion for summary judgment was proper.

The legal standard is different when considering a motion for summary judgment as opposed to a motion to dismiss. The standard asserted by the Petitioner in his objections does not apply to a motion for summary judgment. Instead, the court examines the evidence to determine whether a

---

[29] Pet'r's Opp'n at 2 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[30] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

[31] *Kennedy*, 369 F.3d at 839.

genuine issue of material fact exists in a motion for summary judgment.[32]  The party seeking summary judgment—in this case Respondents—must identify those portions of the record that they contend demonstrate the absence of a genuine issue of material fact.[33]  If the moving party meets this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."[34]  An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[35]  The nonmovant's burden may not be satisfied by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."[36]

The dispositive issue in this case, as mentioned above, is whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.  Thus, Respondents' burden is to identify those portions of the record showing that the likelihood of removal in the reasonably foreseeable future is significant, and that no evidence exists disputing that significance, *i.e.*, that there is an absence of a genuine issue as to this material fact.  This Court finds that the Respondents have met this initial burden.  Respondents point to evidence that they have been consistently in contact with the Pakistan Consular Office[37] and that it is highly possible that travel

---

[32] *St. Paul Ins. Co. of Belaire*, *Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

[33] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wallace v. Texas Tech. Univ.,* 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[34] FED. R. CIV. P. 56(e).

[35] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.,* 85 F.3d 187, 189 (5th Cir. 1996).

[36] *Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir. 2006) (quoting *Freeman v. Texas Dep't of Crim. Justice,* 369 F.3d 854, 860 (5th Cir. 2004)).

[37] Resp't's Mot. Ex. 6.

documents facilitating Petitioner's removal will be issued "in the foreseeable near future."[38] Respondents are not required to submit the entire record in moving for summary judgment; they need only identify the particular portions that they believe demonstrate an absence of a genuine issue of material fact.

Because the Respondents have met their initial burden of demonstrating an absence of a genuine issue of material fact, the burden shifts to Petitioner to "set forth specific facts" showing a genuine issue of material fact.  Petitioner did not explicitly set out any specific facts in his Opposition to the Respondents' motion, but he did include the March 11 letter from the Pakistan Consular Office.[39]  The Court finds that the March 11 letter is insufficient to allow a reasonable jury to return a verdict for Petitioner.  The letter was received less than three months ago, and as such does not constitute sufficient evidence that there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future.  The circumstances under which the Supreme Court found no significant likelihood of removal in *Zadvydas* were when the country to which removal was ordered flatly refused to accept the detainee, or when the country in question had no repatriation treaty with the United States.[40]  The Magistrate Judge notes that the lower courts have sometimes granted writs of habeas corpus on lesser showings than those cited in *Zadvydas*.[41]  For example, the D.C. District Court granted a writ of habeas when the detainee had been held for over three years, and eight months

---

[38] *Id.* Ex. 7.

[39] Pet'r's Opp'n Ex. 1.

[40] *Zadvydas*, 533 U.S. at 684, 686.

[41] Mem. and Recommendation at 6–7.

9

had gone by without contact with the country to which removal was ordered.[42]  This Court has granted a writ of habeas when the consulate of the country in question stated that they would be unable to issue travel documents because of an incomplete background check, and the immigration officials stated that there was nothing more that they could do and that they would not be contacting the consulate in the future.[43]  In these cases, the evidence showed a lack of a significant likelihood of removal.  In contrast, the March 11 letter does not show such a lack.  The letter states only that travel documents cannot be issued "at this time," but does not foreclose the possibility of the documents ever being issued, or being issued in the reasonably foreseeable future.  Contact with the country in question was made as recently as three months ago, and Respondents have not indicated that they will no longer contact the consulate—in fact, they have indicated the opposite.  Thus, the Court finds that Petitioner has not met his burden of showing that there is a genuine issue of material fact.

*(4) Exhaustion Doctrine*

The Magistrate Judge did not recommend dismissal of Petitioner's claim on the basis of the exhaustion doctrine.  As such, this Court finds that it is unnecessary to address Petitioner's objection on this ground.

*(5) Procedural Due Process*

Petitioner has not objected to the Magistrate Judge's recommendation on this issue, and the Court finds that the Magistrate Judge's conclusion that no procedural due process violation occurred is not clearly erroneous.

---

[42] *Secretse-Khama v. Ashcroft*, 215 F. Supp. 2d 47, 48-54 (D.D.C. 2002).

[43] *Khan v. Gonzales*, 481 F. Supp. 2d 638, 640 (W.D. Tex. 2006).

**Conclusion**

For the foregoing reasons, the recommendation of the Magistrate Judge is ACCEPTED. Respondents' Motion to Dismiss, being treated as a Motion for Summary Judgment (Docket Entry No. 10) is GRANTED and Petitioner Ahmed's Petition for Writ of Habeas Corpus is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 15th day of June, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE